**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| DAVID M. ROMANOFF AND KAREN LOWE-ROMANOFF, | ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) ) | NO. 4:15-CV-12268-TSH |
| v. | ) ) | |
| CITIMORTGAGE, INC., AND WILMINGTON SAVINGS FUND SOCIETY, FSB, TRUSTEE FOR THE PRIMESTAR-H FUND TRUST I, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFFS AND CITIMORTGAGE'S PARTIAL MOTION TO DISMISS (Docket No. 45) AND WILMINGTON'S MOTION FOR JUDGMENT ON THE PLEADINGS (Docket No. 51)**

**May 23, 2016**

**HILLMAN, D.J.**

Two motions are pending in this dispute over a mortgage interest rate change that occurred in 2010. David Romanoff and Karen Lowe-Romanoff (Plaintiffs) and CitiMortgage, Inc. (CitiMortgage) jointly move to dismiss the claims against CitiMortgage pursuant to a settlement agreement. Wilmington Savings Fund Society, FSB, Trustee for the Primestar-H Fund Trust I (Wilmington), which is by assignment the current holder of the mortgage, moves for judgment on the pleadings. For the reasons set forth below, CitiMortgage and Plaintiffs' motion to dismiss (Docket No. 45) is ***granted*** and Wilmington's motion for judgment on the pleadings (Docket No. 51) is ***granted***.

1

**Background**

In December of 1998, Plaintiffs purchased real property in Shrewsbury, Massachusetts. They executed a promissory note and mortgage in favor of Mellon Mortgage Company. In April of 1999, Mellon assigned the mortgage to CitiCorp Mortgage, Inc. In April of 2000, CitiCorp Mortgage, Inc. was renamed CitiMortgage. In March of 2003, Plaintiffs entered into a loan modification agreement with Citibank, FSB. Under the terms of the agreement, the interest rate was reduced to 4.5% until March 1, 2008. The agreement provided that the rate was subject to change every year thereafter on a specified "change date."

In July of 2010, CitiMortgage adjusted the rate on the note, raising it from 3.125% to 3.75%, not on the change date, and without giving notice to Plaintiffs. Plaintiffs filed a complaint with CitiMortgage's customer service department, to no avail. Then, the rate was adjusted again, from 3.75% to 6.125%. As a result, Plaintiffs were unable to keep up with the payments, and they fell behind. In April of 2011, Plaintiffs sent a Chapter 93A demand letter to CitiMortgage, alleging that CitiMortgage had improperly adjusted their interest rate in July of 2010 and had refused to correct the rate despite being notified of the error. In November of 2013, CitiMortgage assigned the mortgage to U.S. Bank National Association, as Trustee for Prof-2013-M4 Remic Trust I (U.S. Bank). In December of 2014, U.S. Bank assigned the mortgage to Wilmington.

On February 27, 2015, Plaintiffs filed the instant complaint against CitiMortgage and U.S. Bank in Superior Court, alleging breach of contract and violation of Chapter 93A. Although the claims are asserted against both defendants, the factual allegations are that CitiMortgage improperly raised the interest rate in July of 2010 and failed to correct the error. Plaintiffs identified U.S. Bank as a "party in interest in this matter" as the current holder of the note and mortgage. The case was removed to this Court in June of 2015. In August of 2015, Wilmington

was allowed to substitute itself for U.S. Bank.  The case was referred to mediation in September of 2015.  In January of 2016, Plaintiffs reached a settlement agreement with CitiMortgage.

On February 18, 2016, Plaintiffs and CitiMortgage filed a joint motion to dismiss all claims against CitiMortgage, pursuant to their settlement agreement.  On March 8, 2016, Wilmington filed a motion for judgment on the pleadings.

### Plaintiffs and CitiMortgage's Motion to Dismiss

In connection with their settlement, Plaintiffs and CitiMortgage were prepared to file a stipulation of dismissal with prejudice as to the claims against CitiMortgage, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  This rule provides that all parties who have appeared in the case must sign the stipulation.  CitiMortgage sent the stipulation to Wilmington, but Wilmington did not sign it.  Thus, CitiMortgage and Plaintiffs jointly move to dismiss the claims against CitiMortgage.  In its limited opposition, Wilmington asks the court only to stay its action on the motion to dismiss until there is a decision on Wilmington's motion for judgment on the pleadings.  The motion to dismiss is granted.  The motion for judgment on the pleadings is also granted, as explained below.

### Wilmington's Motion for Judgment on the Pleadings

#### 1. *Standard of Review*

This Court reviews motions for judgment on the pleadings under a standard that is essentially the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), except that "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." *Aponte–Torres v. Univ. of P.R.,* 445 F.3d 50, 54–55 (1st Cir. 2006).  Facts contained in the pleadings are viewed in the light most favorable to the nonmovant, and all reasonable inferences are drawn in his or her favor. *Zipperer v. Raytheon Co.*, 493 F.3d 50, 53 (1st Cir. 2007).  Judgment on the

pleadings is appropriate "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Id.* (quoting *Aponte–Torres,* 445 F.3d at 54). When reviewing a motion under Rule 12(c), the court "may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).

## 2.  *Discussion*

Wilmington argues that Plaintiffs have failed to allege that it breached the mortgage contract. The complaint states an affirmative claim against CitiMortgage for breaching the contract by raising the interest rate in July of 2010. The complaint includes no allegations of wrongdoing against Wilmington, which did not acquire an interest in the mortgage until December of 2014. Wilmington argues that, as an assignee, it is not affirmatively liable for claims against CitiMortgage, a previous assignor. *See Ford Motor Credit Co. v. Morgan*, 536 N.E.2d 587, 591 (Mass. 1989).

In response, Plaintiffs make three arguments. First, they contend that Wilmington has agreed to assume CitiMortgage's liabilities because, in its motion to substitute itself for U.S. Bank as a party to this case, it stated that "US Bank's rights and obligations with respect to the Mortgage were transferred to Wilmington at the time of the assignment dated December 16, 2014 and recorded on April 16, 2015. Wilmington now enjoys the benefits and bears the obligations of holding the Mortgage . . . ." (Docket No. 18 at 4.) This statement cannot reasonably be construed as an assumption of responsibility for affirmative claims against CitiMortgage. Next, Plaintiffs argue that "Wilmington has continued to violate the terms of the Romanoffs [*sic*] note and

mortgage." (Docket No. 59 at 4.)  Despite this contention, however, the complaint does not allege that Wilmington took any action to breach the agreement.

Third, Plaintiffs contend that, under Massachusetts law, "contract claims follow an assignee" and "Wilmington as assignee stands in the shoes of the prior lenders and is subject to all of the contract claims and defenses that the Romanoffs can claim." (Docket No. 59 at 4.)  Plaintiffs cite to *Quincy Trust Co. v. Town of Pembroke*, 195 N.E.2d 899, 899 (Mass. 1964), and *Graves Equip., Inc. v. M. DeMatteo Const. Co.*, 489 N.E.2d 1010, 1011 (Mass. 1986), for support.

Plaintiffs are correct that an assignee stands in the shoes of the assignor with regard to defenses against enforcement of the debt, but not with regard to affirmative claims for the assignor's misconduct.  In *Graves*, the court held that "an assignee of contract rights stands in the shoes of the assignor and has no greater rights against the debtor than the assignor had." 489 N.E.2d at 1012.  The court later explained in *Ford Motor* that this rule does not allow the debtor to hold the assignee affirmatively liable for the acts of the assignor.  "The common law principle that the assignee stands in the assignor's shoes means only that the debtor can raise the same defenses against the assignee as he could have raised against the assignor. . . . It has never been interpreted to mean that the assignee will be liable for all the assignor's wrongs." *Ford Motor*, 536 N.E.2d at 591 (citations omitted).  Here, Plaintiffs are not asserting their claims as a defense to enforcement of the mortgage loan.  They are asserting their claims affirmatively, to recover damages for CitiMortgage's alleged breach of contract.  These affirmative claims cannot be maintained against Wilmington.

Wilmington further argues that the Chapter 93A count should be dismissed because Plaintiffs did not furnish the required statutory demand letter.  The requirement of sending the demand letter is "a prerequisite to suit" and must be alleged and proved as a special element in the

complaint. *Entrialgo v. Twin City Dodge, Inc.*, 333 N.E.2d 202, 204 (Mass. 1975) (citation omitted).  In response, Plaintiffs admit that they did not send a demand letter to U.S. Bank or to Wilmington but request that they be allowed to do so now, and to amend their complaint thirty days after sending the letter in order to comply with the procedural requirement.

Allowing such an amendment would undermine the dual purposes of the demand letter.  The letter is meant "to encourage negotiation and settlement by notifying prospective defendants of claims arising from allegedly unlawful conduct." *Casavant v. Norwegian Cruise Line Ltd.*, 952 N.E.2d 908, 913 (Mass. 2011) (quoting *Slaney v. Westwood Auto, Inc.,* 322 N.E.2d 768, 780 (Mass. 1975)).  It also "operate[s] as a control on the amount of damages which the complainant can ultimately recover" if he or she prevails. *Id.* (quoting *Slaney,* 322 N.E.2d at 780).  Here, where the case has been pending for more than a year and the parties have already engaged in mediation and reached a partial settlement agreement, the letter would not accomplish its intended purpose.  Moreover, the amendment would be futile because, as explained above, the complaint does not allege any misconduct on the part of Wilmington.

Thus, Plaintiffs have not pled any plausible claims against Wilmington.  Wilmington's motion for judgment on the pleadings will be granted.

### Conclusion

For the reasons set forth above, CitiMortgage and Plaintiffs' motion to dismiss (Docket No. 45) is ***granted*** and Wilmington's motion for judgment on the pleadings (Docket No. 51) is ***granted***.  The case is hereby dismissed.

**SO ORDERED.**

                                                   */s/ Timothy S. Hillman*
                                                   **TIMOTHY S. HILLMAN**
                                                   **DISTRICT JUDGE**